```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-23798-ALTONAGA
                              MAGISTRATE JUDGE P. A. WHITE
```

W. LAWRENCE LENEVE,                :

      Petitioner,            :

v.                                 :     REPORT OF
                                                       MAGISTRATE JUDGE

WARDEN JOHN T. RATHMAN,             :

      Respondents.           :
_____:

      This matter is before this Court on the petitioner's habeas corpus petition filed pursuant to 28 U.S.C. §2241, challenging the execution of his sentence by the Bureau of Prisons ("BOP").

      The petitioner alleges that the BOP improperly removed him from a Residential Re-Entry Center (RRC) upon the issuance of a Bureau of Immigration and Customs Enforcement (ICE) detainer, and said removal disrupted his period of home confinement, altering his projected release date. (DE#1:1-2). The petitioner therefore seeks immediate release to home confinement and restoration of his 18 U.S.C. §3621(e) early release date of November 15, 2010. (Id.:2).

      Briefly, the procedural history of this case is as follows. On April 12, 2007, the petitioner was sentenced to 60 months imprisonment for concealment of assets, false oaths and claims, in violation of 18 U.S.C. §§152(1),(2). (DE#11,Ex.1). At the time of his surrender, the petitioner received prior custody credit, which resulted in a projected statutory release date of November 15, 2011. (Id.).

On April 1, 2009, the petitioner entered the Residential Drug Abuse Treatment Program (RDAP). (DE#11,Ex.1). Following completion thereof, on January 21, 2010, the petitioner was thereafter released to the RRC in Miami, Florida to begin serving a required 180-day Transition Drug Abuse Treatment (TDAT) program. (Id.). Upon RRC placement, the Designation and Sentence Computation Center (DSCC) established a tentative one year sentence and reduction and provisional statutory release date of November 15, 2010, based upon the petitioner's RRC placement date and his completion of the 180-day TDAT program. (Id.).

On June 1, 2010, ICE issued a detainer on the petitioner, which precluded the petitioner from eligibility for early release. (DE#11,Ex.1).[1] As such, on June 8, 2010, the petitioner was transferred from the RRC to FDC Miami, with his early release revoked, and a reestablished statutory projected release date of November 15, 2011, pending an investigation of his immigration status. (Id.). However, by September 21, 2010 ICE withdrew the detainer on the petitioner. (Id.). Accordingly, the petitioner, on September 21, 2010, re-entered into the TDAT program and returned to the RRC, wherein, at the time his petition was filed, he was completing the remaining 160 days of his 180-day TDAT program. (Id.). On November 10, 2010, the petitioner was released to home confinement for the remainder of his TDAT program. (Id.).

On or about September 1, 2010, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (DE#1) with the United States District Court in the Middle District of Florida. (DEs#1,4). The petition was transferred to the Southern District of Florida on October 20, 2010, since, at the time, he was confined

---

[1] 18 U.S.C. §3621(e), Program Statement (P.S.) 5880.28.

herein. (DE#4).

Review of the Bureau of Prisons, inmate locator database, located at www.bop.gov reveals that the petitioner was released from custody on February 25, 2011. After receipt of his reply in December 2010, the petitioner has filed nothing with this court either advising of his release or his current address of record.

Regardless, independent review of the record reveals that the petitioner's claim in this habeas petition is moot. See Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)(a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief). A petitioner's release subsequent to filing a habeas action renders the petition moot because the petition no longer presents a case or controversy, as required under Article III, §2, of the Constitution, unless there is a showing of "collateral consequences." See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998)(requiring showing of collateral consequences of parole revocation to maintain suit for wrongful termination of parole status after "reincarceration that [the petitioner] incurred as a result of that action" was "over and [could not] be undone"). In cases challenging the actual underlying conviction, collateral consequences are presumed for the obvious reason that it is a "fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." Id. at 12. The same cannot be said of actions which do not challenge the conviction, such as challenges directed at parole revocation or, as in the instant case, the execution of the sentence imposed. Id. Thus, to continue with a habeas action after release, a petitioner must show the existence of a collateral consequence that amounts to a continuing injury-in-fact. Id. at 14. No such showing has been made here.

3

It is therefore recommended that this petition be dismissed, as moot and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 2nd day of May, 2011.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE

cc:   W. Lawrence LeNeve, Pro Se
      Reg. No. 72535-004
      CCM Miami
      Community Corrections Office
      401 North Miami Avenue
      Miami, FL 33128
      (Address of Record)

      Anthony Pogorzelski, AUSA
      U.S. Attorney's Office
      99 N.E. 4th Street
      Suite 335
      Miami, FL 33132