UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23798-CIV-ALTONAGA/White

**W. LAWRENCE LENEVE**,

    Petitioner,
vs.

**WARDEN JOHN T. RATHMAN**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 13], issued on May 2, 2011. On September 1, 2010, Petitioner, W. Lawrence Leneve ("Leneve"), filed a *pro se* Emergency Petition for Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [ECF No. 1] in the Middle District of Florida. After the case was transferred to the Southern District of Florida [ECF Nos. 4, 6], it was referred to Magistrate Judge White pursuant to Administrative Order 2003-19. (*See* [ECF No. 7]). Judge White now recommends the Petition be denied as moot. (*See* Rep. 3–4). The Report also advised Petitioner that pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), he had 14 days to object to the Report. (*See id.* at 12). That time period expired on May 19, 2011 with no objections filed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation

Case No. 10-23798-CIV-ALTONAGA/White

omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the Petition, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with the analysis and recommendations stated in Judge White's Report, and agrees with Judge White's conclusion that the Petition is moot.

Additionally, Judge White's November 4, 2010 Order [ECF No. 8] required Petitioner to continually update the Court in writing of any changes in his address. Petitioner has failed to update the Court in writing of changes in his address following his release from custody. (*See* Rep. 3; Docket). Judge White's Order advised Petitioner that "[f]ailure to promptly notify the Court of any change in address may result in dismissal of the case for lack of prosecution." (Nov. 4, 2011 Order 2). The Petition is therefore subject to dismissal on that ground as well.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Report of Magistrate Judge **[ECF No. 13]** is **AFFIRMED AND ADOPTED** as follows:

1.	Petitioner, W. Lawrence Leneve's Petition Under 28 U.S.C. § 2241 **[ECF No. 1]** is

Case No. 10-23798-CIV-ALTONAGA/White

      **DISMISSED** as moot.

2.      The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are

      **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of May, 2011.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

W. Lawrence LeNeve, *pro se*
Reg. No. 72535-004
CCM Miami
Community Corrections Office
401 North Miami Avenue
Miami, FL 33128